## Weimer *v.* Karch.     Shugar's Appeal.

[Marked to be reported.]

*Orphans' Court—Jurisdiction—Distribution of decedent's estates.*

The jurisdiction of the orphans' court to ascertain the amount of a decedent's property and order its distribution among those entitled to it, is exclusive.

*Proceeds of sheriff's sale of decedent's real estate.*

Under the act of Feb. 24, 1834, a fund raised by the sheriff's sale of a decedent's real estate must, after the payment of liens, be paid to the executor or administrator of the decedent, and cannot be distributed by an auditor appointed by the court of common pleas.

*Issue to inform conscience of court—Practice, O. C.*

While an issue directed to try facts in dispute before the auditor in such case falls with the proceedings in the common pleas, it seems that, when the case gets into the orphans' court, the issue may be used to inform the conscience of the court with the same force and effect as if that court had originally directed the issue and sent it to the common pleas for trial.

Argued Feb. 14, 1893. Appeal, No. 273, Jan. T., 1892, by Rebecca E. Shugar, from order of C. P. Lebanon Co., March T., 1888, No. 13, in Weimer v. Karch, setting aside an auditor's report. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and McCOLLUM, JJ.

Distribution of proceeds of sheriff's sale of realty.

From the record it appeared that Joseph J. Karch died intestate, May 22, 1886, leaving a widow, and a daughter, the appellant. Letters of administration on his estate were granted to his widow. She filed two accounts in the orphans' court, which were referred to auditors on exceptions, whose reports have been confirmed absolutely, the last on Jan. 3, 1890. By these proceedings all the debts of the intestate were paid except a balance of $337.11 due the widow, a creditor of the

estate, and a mortgage debt of $1,503.78, created by the intestate. The assignee of the mortgage instituted proceedings, recovered judgment, and caused the mortgaged premises to be sold by the sheriff on May 19, 1888, at which sale the administratrix became the purchaser for the sum of $8,150. She paid ten per cent of the purchase money, and on June 9, following, received her deed for the property from the sheriff. On the same day the sheriff took a judgment bond from her for $7,335, payable July 9, expressed as follows: " being balance of purchase money of real estate, the distribution of which is to be determined by the court."

On June 10, 1890, she paid an additional $1,000 on the bond to the sheriff. On Oct. 4, 1890, the counsel of the sheriff, and for the estate of Joseph J. Karch, deceased, as well as the attorney for the guardian of the daughter, Rebecca Karch, who was then a minor, being all the parties in interest, agreed in writing that " the amount due the sheriff on judgment entered in the court of common pleas of Lebanon county to No. 388, June term, 1890, together with such interest as may be due and owing thereon, if any is legally due thereon, is hereby considered in court, and A. Frank Seltzer, Esq., is hereby appointed auditor by consent to make distribution thereof." Same day the court of common pleas appointed said auditor. When the auditor met the parties to distribute the fund, the attorney for the administratrix offered proof to establish two claims which the administratrix alleged were due her by the estate; these claims were disputed; and an issue was applied for in the same court which was granted, in which the widow Amelia S. Karch was made plaintiff, and herself as administratrix of said estate defendant. This issue was entered to No. 22, March T., 1891, and upon trial resulted in a verdict in favor of defendant, Dec. 7, 1891. A new trial was granted. The case was again tried and resulted a second time in a verdict for defendant, upon which judgment was entered Oct. 27, 1892. After the issue was determined, the auditor met again and took additional evidence, after which the case was argued. The auditor made his report, exceptions to which were filed by Amelia S. Karch, and on behalf of Rebecca E. Shugar. The only contested question before the auditor was the liability of the administratrix to pay interest on the unpaid portion of the purchase money due

by her for the real estate which she purchased at sheriff's sale. This the auditor decided against her for the whole amount claimed to be due, except such interest as accrued on the money due on the mortgage upon which the property was sold from the day after the sale (when the fund ceased to bear interest for the mortgagee), up to the time it was actually paid by her. After the case had been fully argued, the court, in an opinion by McPherson, J., determined the amount of money in the sheriff's hands; deducted therefrom the sheriff's costs; costs of audit; amount due the mortgagee and another small claim of $3.76, and then decreed the balance of the money ($6,283.46) to Amelia S. Karch, administratrix of Joseph J. Karch, deceased, upon her giving bond in the sum of $12,500, conditional for the legal distribution of the money. The court also struck off the judgment and all proceedings in the issue above referred to, entered to No. 22, March T., 1891, on the ground that the court of common pleas had no jurisdiction, under the act of Feb. 24, 1834, § 33, P. L. 77, to distribute the fund, except to lien creditors; and consent could not give jurisdiction. Rebecca E. Shugar, the daughter, took this appeal.

*Errors assigned* were, inter alia, (2) setting aside auditor's report because proceedings were conducted in common pleas instead of orphans' court; and (5) striking off judgment and all proceedings in issue entered to No. 22, March T., 1891.

*Josiah Funck, P. S. Keiser* with him, for appellant.—The act of 1834 applies only where the levy occurs before letters have been issued. Under all the circumstances of the case, the fund could have been distributed in the common pleas: Matlack v. Roberts, 54 Pa. 149; Green's Estate, 5 Pa. C. C. R. 606; Fromberger v. Greiner, 5 Whart. 350.

Where there are no debts the heirs may distribute the estate amongst themselves without administration: Green's Est., 5 Pa. C. C. R. 606; Fromberger v. Greiner, 5 Whart. 350; Walworth v. Abel, 52 Pa. 370; McLean's Exrs. v. Wade, 53 Pa. 146; Roberts v. Messinger, 134 Pa. 298.

The appellee, having consented to the jurisdiction, is estopped to deny it: National Gas Co.'s Ap., 1 Penny. 100; Montgomery v. Heilman, 96 Pa. 44; Drennan's Est., 32 Pitts. L. J. 462.

It was error to strike off the judgment in the issue. After a party appears, goes to trial and loses, it is too late to allege that he is not in the proper court: Schenley v. Com., 36 Pa. 29; Delaware, etc., R. R. v. Burson, 61 Pa. 380; Spring St., 112 Pa. 258; Wilson v. Scranton, 141 Pa. 621; Ogden v. Phila., 143 Pa. 430; Atherton v. Atherton, 2 Pa. 112; Stewart v. Montgomery, 23 Pa. 410; Robinson v. Vandiver, 2 Pearson, 97.

*J. P. S. Gobin, Thomas H. Capp* and *Geo. B. Schock,* for appellee, not heard, cited, as to jurisdiction, Whiteside v. Whiteside, 20 Pa. 473; Phillip's Adm'rs v. R. R., 107 Pa. 486; Hammett's Ap., 83 Pa. 392; Morrison's Case, 9 W. & S. 116; Carter v. Trueman, 7 Pa. 315; Kelley's Ap., 77 Pa. 232; Myers v. Black, 17 Pa. 193; Holliday v. Ward, 19 Pa. 492; Ashford v. Ewing, 25 Pa. 213; Spring Street, 112 Pa. 258; Schenley v. Com., 36 Pa. 29; Small's Ap., 1 Mona. 664; Musselman's Ap., 101 Pa. 165; Little Meadows Borough, 28 Pa. 256; Stoy v. Yost, 12 S. & R. 385; Morrison v. Weaver, 4 S. & R. 190; McKee v. Sanford, 25 Pa. 105; Oil City v. McAboy, 74 Pa. 249. The feigned issue being for the purpose of informing the conscience of the court, may be disregarded: Hallowell's Ap., 20 Pa. 215; Green v. Mills, 103 Pa. 22.

OPINION BY Mr. CHIEF JUSTICE PAXSON, February 27, 1893:

The only specification of error which it is important to consider is the second, which alleges that the learned court erred in setting aside the auditor's report, because proceedings were conducted in the common pleas instead of the orphans' court.

The learned judge below set aside the proceedings in the common pleas with evident reluctance, but felt himself constrained to do so by section 33 of the act of February 24, 1834, P. L. 77, which provides that: "In all cases where property, real or personal, of a decedent, is sold upon an execution, and more money raised than is sufficient to pay off liens of record, the balance shall be paid over to the executor or administrator for distribution; but before any such payment shall be made such executor or administrator shall give bond to the satisfaction of the court, conditioned for the legal distribution of such money, provided always that such money shall be distributed as the real estate, of which it is the proceeds, would have been."

It is manifest that much money has been wasted, and labor

incurred in vain, in this attempt to distribute a dead man's estate in the common pleas.

As the proceedings below were invalid for want of jurisdiction, it is unnecessary to discuss any of the details. When the case gets into the orphans' court, where it properly belongs, it is possible that some of the proceedings of the common pleas may be utilized by the former court for the saving of time and expense. There appears to have been a feigned issue in the common pleas which has been twice tried. As the object of this issue was merely to inform the conscience of the court, we see no reason why it may not be used in the orphans' court for that purpose with the same force and effect as if that court had originally directed the issue and sent it to the common pleas for trial, especially in view of the fact that each court is held by the same judge.

We are aware that some of the earlier cases would seem to give countenance to the doctrine that in certain exceptional cases a proceeding like this might be sustained, but those were the days when the orphans' court was in its swaddling clothes, and its jurisdiction limited. It is not so now. It has grown to the full stature and dignity of a court of exclusive jurisdiction in all that concerns its business. It was said by the late Chief Justice BLACK, in Whiteside v. Whiteside, 20 Pa. 473 : " The exclusiveness of its jurisdiction, and the conclusiveness of its decrees, have been placed by the acts of assembly and the decisions of this court upon a foundation which cannot be shaken. If there be anything besides death which is not to be doubted, it is, that the orphans' court alone has authority to ascertain the amount of a decedent's property and order its distribution among those entitled to it."

To the same point, and equally emphatic, is the language of this court in Hammett's Appeal, 83 Pa. 392. And in Phillip's Administrators v. Railroad Company, 107 Pa. 472.

Much as we regret the delay, confusion and expense caused by this mistake, we do not see our way clear to override an act of assembly in order to enable the parties to avoid the consequences of it.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.